UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITY08                                              )
PO Box 13331                                         )
Denver, CO 80201-3331,                               )
                                                     )
DOUGLAS BAILEY                                       )
Suite 514                                            )
2600 Virginia Avenue, NW                             )
Washington, DC 20037                                 )
                                                     )
ROGER CRAVER                                         )
4121 Wilson Blvd., 11th Floor                        )
Arlington, VA 22203                                  )
                                                     )
HAMILTON JORDAN                                      )    No._____
1371 Wesley Parkway                                  )
Atlanta, GA 30327                                    )
                                                     )
ANGUS KING                                           )
15 Potter Street                                     )
Brunswick, ME 04011                                  )
                                                     )
JERRY RAFSHOON                                       )
3123 Dumbartom Street, NW                            )
Washington, D.C. 20007-3309                          )
                                                     )
CAROLYN TIEGER                                       )
1909 K Street, NW                                    )
Suite 400                                            )
Washington, D.C. 20006                               )
                                                     )
        Plaintiffs,                                  )
                                                     )
           v.                                        )
                                                     )
FEDERAL ELECTION COMMISSION                          )
999 E Street, NW                                     )
Washington, D.C. 20463,                              )
                                                     )
        Defendant.                                   )
                                                     )

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

## NATURE OF THE CASE

This action challenges the legality and constitutionality of the Federal Election Commission's ("FEC" or the "Commission") recent determination (Advisory Opinion 2006-20) that Unity08 is a "political committee" as that term is defined by the Federal Election Campaign Act of 1971, 2 U.S.C. §§ 431 et seq. ("FECA" or the "Act"). The Commission's determination means that the donations that Plaintiff Unity08 is collecting to pay the expenses of its efforts to qualify in various states as a political organization with a place on the ballot in the 2008 presidential election are subject to the limitations of the Act. Unity08 has not yet selected candidates for the offices of President and Vice President, and does not intend to do so until the summer of 2008. Unity08's expenses to qualify for a ballot position as a party prior to the identification of a candidate constitute core political speech that, under Supreme Court precedent, do not fall within the scope of the FECA and, in any event, are protected from regulation and limitation by the First Amendment.

Plaintiffs request that this Court: (1) give this case expedited consideration; (2) declare that the Commission's determination that Unity08 is a "political committee," is arbitrary and not in accordance with law and in violation of the First Amendment; and (3) preliminarily and permanently enjoin the FEC from any enforcement of Unity08's alleged obligation to register with the FEC, report its receipts and expenditures, or limit the amount of the donations that it receives from contributors or the amount that it expends.

## JURISDICTION AND VENUE

1. The action arises under the United States Constitution; the Federal Election Campaign Act of 1971, 2 U.S.C. §§ 431 et seq., as amended by the Bipartisan Campaign Reform

Act of 2002, Pub. L. No. 107-155; the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551-706; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and 5 U.S.C. §§ 702-704.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e). The Defendant is a United States agency headquartered in this District. In addition, a substantial part of the events giving rise to the Plaintiffs' claims occurred in this District.

## PARTIES

3. Plaintiff Unity08 is a not-for-profit corporation organized under the laws of the District of Columbia and exempt from federal income tax under section 527 of the Internal Revenue Code of 1986, as amended.

4. Plaintiff Douglas Bailey is eligible to vote for President of the United States in the State of Virginia. He is registered as a Republican. He is one of the founders of Unity08, and is now its chief executive officer and a member of its Board of Directors.

5. Plaintiff Roger Craver is eligible to vote for President of the United States in the State of Massachusetts. He is registered as a Democrat. He is one of the founders of Unity08, and is a member of its Board of Directors.

6. Plaintiff Hamilton Jordan is an individual eligible to vote for President of the United States in the State of Georgia. He is registered as a Democrat. He is one of the founders of Unity08, and is a member of its Board of Directors.

7. Plaintiff Angus King is eligible to vote for President of the United States in the State of Maine. Mr. King was elected Governor of Maine as an Independent. He is a member of Unity08's Board of Directors.

8. Plaintiff Jerry Rafshoon is eligible to vote for President of the United States. He is registered as a Democrat. He is one of the founders of Unity08, and is a member of its Board of Directors.

9. Plaintiff Carolyn Tieger is eligible to vote for President of the United States in the District of Columbia. She is registered as a Republican. She is a member of Unity08's Board of Directors.

10. Defendant FEC is the federal administrative agency responsible for the enforcement of FECA. Three of its six Commissioners are Republican and three are Democrat. The Commission's offices are located at 999 E Street, N.W., Washington, D.C.

## FACTUAL ALLEGATIONS

11. Plaintiff Unity08 is a political movement of voters who believe that the major political parties have focused too much attention on "wedge" issues that appeal primarily to their "base" of voters to the detriment of the discussion on the critical issues that face our country today. Unity08's website defines its goal as "getting our country back on track by nominating and electing a Unity Ticket in the '08 presidential election to promote leadership, not partisanship." Unity08 also intends to have the American people select the nominees for that Unity Ticket in the summer of 2008 through an Internet on-line nominating convention. At this convention, every person who has registered on the Unity08 website to serve as a delegate is eligible to participate. The Unity08 nominees for president and vice president may be candidates from either or both of the two major political parties, or may be independent candidates. At a minimum, Unity08 seeks to effect major change and reform in the 2008 national elections by organizing a group of voters who comprise at least 20% of the national electorate (approximately 20,000,000 voters) and whose commitment to the Unity08 agenda of addressing critical issues

will have to be accounted for by the major parties -- the Republican and Democratic parties -- if those parties are to be successful in the 2008 presidential election.

12. Unity08 did not support or oppose any candidates in the 2006 elections, nor does it intend to support or oppose any candidates in any congressional, state, or local election at any time in the future. Unity08 will not have any candidates until the summer of 2008, when its on-line convention is held. Unity08 will not support or oppose any candidates until that time.

13. Unity 08's present efforts focus on two things: (1) disseminating through a website of its analysis that the country needs to focus on crucial issues, and its intention to select and elect a Unity08 ticket; and (2) raising and spending money to qualify Unity08 for a position on the ballot in the approximately thirty-seven (37) states that permit a new political organization to qualify <u>as a political organization</u> for a place on the ballot in a general election and field candidates for the offices of President and Vice-President. A political organization with a ballot line has the right to place the candidate it selects at its caucus or convention on the ballot along with the candidates of the other qualified political organizations, such as the Republican and Democratic Parties. If a new political organization does not have a ballot line, or, as is the case in approximately thirteen (13) states, cannot get a ballot position as an organization, the organization's candidate must generally qualify in his/her name as an independent candidate. Such efforts cannot commence, of course, until a candidate has been selected. Since Unity08 does not intend to choose a candidate until the summer of 2008, it is important that it qualify for a ballot position as an organization in as many states as possible. All state laws enable the Republican Party and the Democratic Party to have ballot positions available for their chosen candidates.

14. The effort needed to qualify for a position on the ballot as a political organization differs from state to state, but in general, it requires the political organization to circulate petitions in support of its appearance on the ballot as an organization among registered voters and to obtain a certain number of signatures on those petitions, usually 1% to 3% of the individuals who voted in the last election for President or for the Governor of the state. Approximately one-third more signatures than the minimum required must be collected because a substantial number of signatures will be challenged and/or invalidated by state election officials. Unity08 estimates that qualifying for ballot access in all thirty-seven (37) states could cost as much as $10 million. Additional expenses may result from the need to challenge a state's refusal to qualify Unity08 for the ballot, or to defend a challenge to a ballot qualification.

15. Unity08 is currently soliciting funds primarily through the Internet and personal contacts. At its inception, Unity08 decided, as a matter of policy, not to solicit or accept money or anything of value from any corporation, foreign national, or government contractor. It concluded, however, that, in order to have the best possible chance of raising sufficient monies to defray the cost of obtaining ballot access as a organization in thirty-seven (37) states prior to the 2008 election, it should accept donations from individuals, which may be in the form of loans, without limitation as to amount.

16. Because Unity08 did not have an identified candidate, and would not have an identified candidate until shortly before the 2008 election, it believes that it does not constitute a "political committee" under the FECA; however, in an abundance of caution, on May 30, 2006, Unity08 filed with the FEC, pursuant to § 437f of the FECA, an Advisory Opinion Request seeking confirmation that Unity08 was not now a "political committee" and would not become a "political committee" until such time as it decided to support a clearly identified candidate for

federal office. On the advice of counsel, pending receipt of the Advisory Opinion, Unity08 voluntarily imposed a $5,000 limitation on donations from individuals.

17.  On October 10, 2006, after requesting and receiving two extensions from Unity08 of the mandatory sixty-day period for a response, the FEC issued Advisory Opinion 2006-20. The Commission concluded there that "[m]onies spent by Unity 08 to obtain ballot access through petition drives will be expenditures." AO at 3. Based on its finding that Unity08's expenses are "expenditures under the Act," the Commission concluded that Unity08 would be a "political committee" once it paid more than $1,000 worth of expenses for that purpose. AO at 5. The Commission also concluded that Unity 08 met the "major purpose" test for a "political committee" set forth in Buckley v Valeo. In Buckley, the Supreme Court held that an organization could not be considered a "political committee" under the Act, unless its major purpose was the election or defeat of a candidate. Although the Commission recognized that Unity 08 planned to qualify for ballot access only as an organization, the Commission concluded that Unity08 was a "political committee," because Unity08's major purpose was the election of a president and vice-president even though no particular candidate had yet been identified. Id. As a "political committee" Unity08 would be required to register and file reports of receipts and expenditures with the FEC, and it would have to limit its donations from individuals to $5,000 per year, including loans, which under the Act are treated as "contributions" that are subject to the Act's restrictions.

18.  In light of the threat of prosecution by the FEC and possible civil and criminal penalties for itself and its donors, Unity08 has voluntarily restricted donations from individuals to $5,000 per year. Without this threat, Unity08 would seek and would receive much larger donations and loans from willing contributors. The individual Plaintiffs to this suit are

contributors to Unity08 and would all have contributed substantially more that $5,000 except for the threat of prosecution by the FEC that could result in civil or criminal penalties. Restrictions on fundraising have infringed on Plaintiffs' First Amendment speech and associational rights. Unity08 has had to curtail efforts to communicate its ideas and solicit supporters. It has delayed the commencement of its petition drives, and it has limited the number of states in which it can circulate petitions. Every day its petition drives are delayed, its goal of fielding candidates for president and vice president in the fifty states is threatened.

19. Plaintiffs are suffering ongoing injury and their First Amendment rights are violated because of the FEC's ruling that signature-gathering, ballot qualifying expenses are expenditures, and that these expenditures promote Unity08 in such a way that Unity08 qualifies as a "political committee" subject to the restrictions and limitations of the FECA. This means that Unity is inhibited in achieving ballot access in the states that allow it to do so. In other words, the faulty FEC conclusion that Unity08 supports a specific candidate inhibits the party from qualifying for ballot access, from concurrently engaging in protected political speech in petitioning voters, and from attracting potential nominees to compete for the Unity08 convention endorsement because the endorsement may not come with ballot access in all states.

## COUNT ONE

### The FEC's Determination that Unity08 Is a Political Committee Is Arbitrary and Not In Accordance With Law

20. Plaintiffs reallege and incorporate by reference all the allegations contained in paragraphs 1-19.

21. This Court should hold unlawful and set aside the FEC's action, findings, and conclusions as they are arbitrary and not in accordance with law. 5 U.S.C. § 706(2)(A). The

action is beyond the authority granted the FEC by the FECA, and is contrary to its own prior rulings.

22. The FECA regulates as "expenditures" only those expenses incurred by a "political committee" to support or oppose a clearly identified candidate for federal office.

23. Unity08 has no candidates, and is not supporting or opposing any person as a candidate, clearly identified or otherwise. Support for a clearly identified candidate is required by the Supreme Court before the definition of "expenditure" or "political committee" can apply.

24. As such, the FEC's determination that expenses incurred in gathering signatures to qualify Unity08 as a party are "expenditures" is arbitrary and not in accordance with law.

25. By imposing such a requirement, the FEC action will unlawfully restrict the Unity's ability, as a party, to lawfully influence federal elections.

## COUNT TWO

**The FEC's Determination That Unity08 Is a Political Committee Infringes Plaintiffs' First Amendment Speech and Associational Rights**

26. Plaintiffs reallege and incorporate by reference all the allegations contained in paragraphs 1-25.

27. Under Buckley v. Valeo, 424 U.S. 1 (1976), and McConnell v. FEC, 540 U.S. 93 (2003), the First Amendment to the United States Constitution prohibits the FEC from restricting the types and amounts of funds used to influence federal elections unless the restrictions are narrowly tailored to prevent corruption or the appearance of corruption in the electoral process.

28. This standard permits regulation by the FEC of entities as political committees which take in or expend greater than $1,000 in order to influence an election for federal office by supporting or opposing a clearly identified candidate.

29. The challenged restriction on Unity08 does not purport to prevent corruption or the appearance of corruption in the electoral process, and serves no such purpose in this case.

30. Unity08 has no candidates, and is in no way supporting or opposing any person as a candidate, clearly identified or otherwise. Under these circumstances, the FEC cannot legitimately be preventing Unity08 from corrupting a federal election or creating the appearance of corruption in the electoral process.

31. As applied to signature collection and party qualification, the Commission's interpretation of "expenditure" to cover expenses incurred by Unity08 to gather signatures to qualify as a party unconstitutionally burdens the rights of free speech and free association in violation of the First Amendment because it limits Plaintiffs' ability to form their party, disseminate the party's message, engage in petitioning which is core political speech, qualify the party so as to generate political debate about the future of the country, and attract candidates in 2008 to advocate for the party in the presidential election.

32. The Commission's interpretation severely burdens Plaintiffs' ability to spend funds to engage in core political speech such as petitioning, gathering signatures, and qualifying for states' ballots, and severely burdens Plaintiffs' ability to engage in constitutionally protected core political speech.

33. In addition, because the restrictions are not narrowly tailored to prevent corruption or the appearance of corruption, or to serve any other compelling government interest, and because the challenged regulations are vague and overbroad in that they could apply to any party seeking ballot qualification, they violate the First Amendment to the United States Constitution.

34. The Supreme Court has narrowed the scope of the FECA to require that expenditures be made in support or opposition of a "clearly identified candidate" in order for the FEC constitutionally to regulate a group as a "political committee." Regulation as a "political committee" means limitations on the amount a party can accept in contributions from an individual. By improperly limiting the amount Unity08 can accept from individuals by mistakenly deeming it a "political committee," the FEC is burdening Plaintiffs' ability to raise money to engage in core political speech.

35. Therefore, the FEC's opinion, because Unity08 is neither supporting nor opposing any "clearly identified candidate," is unconstitutional as applied to Unity08.

## PRAYER FOR RELIEF

WHEREFORE, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the APA, 5 U.S.C. §§ 702-704, 706(2), Plaintiffs seeks a judgment:

a. Preliminarily enjoining enforcement of the FEC's ruling and Unity08's alleged obligation to register and report, and limit the amount of contributions and expenditures;

b. Permanently enjoining enforcement of the FEC's ruling and Unity08's alleged obligation to register and report, and limit the amount of contributions and expenditures, until such time as Unity08 supports or opposes a clearly identified candidate;

c. Declaring that the FEC's ruling is unconstitutional in violation of the First Amendment as it applies to Unity08;

d. Declaring that the FEC's determination that signature-gathering expenses to qualify Unity08 for the ballot as a party are "expenditures" violates the APA;

e. Declaring that the FEC's classification of Unity08 as a "political committee" violates the APA;

f.  Costs and attorneys' fees pursuant to any applicable statute or authority;

g.  Such other relief as this Court deems just and appropriate.

Respectfully submitted,

Robert E. Jordan (D.C. Bar No. 15784)
John J. Duffy (D.C. Bar No. 170936)
Anthony A. Onorato (D.C. Bar No. 482074)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, DC 20036
Tel: (202) 429-3000
Fax: (202) 429-3902
rjordan@steptoe.com
jduffy@steptoe.com
tonorato@steptoe.com

Counsel for Plaintiffs

Dated: January 10, 2007

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Unity08, Douglas Bailey, Roger Craver, Hamilton Jordan, Angus King, Jerry Rafshoon, Carolyn Tieger

## DEFENDANTS
Federal Election Commission

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Steptoe & Johnson LLP
1330 Connecticut Ave NW
Washington DC 20036
202-429-3000
Robert E. Jordan, John J. Duffy, Anthony A. Onorato

CASE NUMBER  1:07CV00053
JUDGE: Richard W. Roberts
DECK TYPE: TRO/Preliminary Injunctio
DATE STAMP: 01/10/2007

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
⊙ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ⊙ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

⊙ **D. Temporary Restraining Order/Preliminary Injunction**
Any nature of suit from any category may be selected for this category of case assignment.
*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

US Constitution, FECA of 1971, 2. U.S.C. §§ 431 et seq.; APA, 5 U.S.C. §§ 551-706; Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ N/A    Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 01/10/2007    SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.      CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.      CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.      CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.      RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.