UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITY08 et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.1:07-cv-00053 (RWR) |
| FEDERAL ELECTION COMMISSION, | ) ) ) | |
| Defendant. | ) ) | |

## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

In connection with the conduct of discovery in this matter, the parties have agreed to a stipulation regarding the designation and protection of confidential information produced during the course of litigation in this matter.

The parties ask that the Court enter their attached stipulation as a protective order of the Court. This motion for a protective order is made pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

Respectfully submitted,

_____/s/_____
Thomasenia P. Duncan
Acting General Counsel

_____/s/_____
David Kolker (D.C. Bar # 394558)
Assistant General Counsel

_____/s/_____
Vivien Clair
Attorney

                    /s/
Steve N. Hajjar
Attorney

                    /s/
Adav Noti (D.C. Bar # 490714)
Attorney

COUNSEL FOR DEFENDANT
FEDERAL ELECTION COMMISSION
999 E Street NW
Washington, DC 20463
(202) 694-1650

                    /s/
Robert E. Jordan III (D.C. Bar No. 15784)
John J. Duffy (D.C. Bar No. 170936)
Anthony A. Onorato (D.C. Bar No. 482074)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, DC  20036
Tel:  (202) 429-3000
Fax:  (202) 429-3902

COUNSEL FOR PLAINTIFFS

Filed: March 2, 2007

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                   )
UNITY08 et al.,                    )
                                   )
    Plaintiffs,                    )
                                   )
       v.                          )   No.1:07-cv-00053 (RWR)
                                   )
FEDERAL ELECTION COMMISSION,       )
                                   )
    Defendant.                     )
_____)

## STIPULATION AND PROTECTIVE ORDER

In order to facilitate and expedite the conduct of this proceeding, the parties have stipulated and agreed to the entry of a protective order, subject to approval by the Court as follows:

1. As used herein, the following words and phrases shall have the following respective meanings unless the context clearly indicates otherwise:

    (a) The term "Information Subject To Protection" includes all documents or electronic media produced by any party to this proceeding during formal discovery, or discovery by agreement of the parties and/or nonparties in lieu of formal discovery.

    (b) The term "Producing Party" includes any party to this proceeding that produces, or is called upon to produce, Information Subject to Protection.

    (c) The term "This Proceeding" means the proceeding designated in the caption to this Protective Order and all appeals, interlocutory proceedings and collateral or ancillary proceedings, including discovery proceedings in other districts or jurisdictions which are related to, or in aid of discovery in, the captioned proceeding.

    (d) The term "Document" or "Documents" has the same meaning as the most expansive interpretation given to the term as used in Rule 34(a) of the Federal Rules of Civil Procedure.

2. A producing party may designate as confidential any information subject to protection produced by it which the producing party believes in good faith contains information in one or more of the following categories:

 (a) strategic planning information;

 (b) identifying information concerning individuals contacted by Unity08 or others acting on its behalf who have declined to contribute

 (c) other information, similar in nature to that described in (a)-(b) above which is not generally available to persons not having an employment or contractual relationship with the producing party, the disclosure of which to competing political groups could harm the ability of the producing party to achieve its political goals and objectives.

3. Notwithstanding any other provision in this Protective Order, information designated as confidential may be disclosed to appropriate employees of the Federal Election Commission (hereinafter "the Commission") where such disclosure is incident to the official business of the Commission and relates to the duties of such employees. In so doing, the Commission shall ensure that its employees treat these materials as protected in accordance with the terms of this Protective Order.

4. The restrictions on use contained in paragraph 11 with respect to information designated as confidential do not apply to the producing party as to information provided by that producing party.

5. If a party uses confidential information in motions, briefs, affidavits or other written pleadings or materials filed with the Court, each portion of any such written material which contains, embodies, discusses or discloses confidential information shall be filed under seal and the Clerk shall be notified specifically of the requirement to maintain the written material under seal unless otherwise directed by the Court. Each such written submission shall bear on the cover in prominent form the following legend:

   **CONTENTS UNDER SEAL: CONTAINS MATERIAL**
   **SUBJECT TO A PROTECTIVE ORDER OF THE COURT**
   **WHICH LIMITS DISCLOSURE AND USE.**

To the extent practicable, parties filing such written material shall segregate the portions containing confidential information so as to limit the extent to which material must be maintained under seal.

6. Issues concerning the use of confidential information at trial or in hearings before the Court are reserved for further order of the Court.

7. If any party wishes to provide access to confidential information produced by another party in this proceeding to persons not permitted to have such access under the terms of this Protective Order, permission to do so shall initially be sought from the producing party whose information is sought to be disclosed. If agreement on such additional access is not reached, the party seeking additional access may, for good cause shown, seek by motion an order of the Court providing for such access. Access shall not be granted unless and until the Court so orders after allowing the Producing party an opportunity to respond.

8.      A producing party shall mark each page of every document produced which is designated as confidential with the following legend, which may be applied by rubber stamp or other labeling process.

> **CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER IN No.1:07-cv-00053 (RWR), United States District Court for the District of Columbia**

9.      A producing party answering interrogatories or responding to requests for admissions shall indicate, following each answer or response the portion which is deemed to include information designated as confidential.  The following legend shall be placed on the initial page of each pleading containing information designated as confidential, and on each page therein containing information so designated:

> **CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER IN No.1:07-cv-00053 (RWR), United States District Court for the District of Columbia**

10.     (a)  If a producing party desires to designate as confidential any portion of the transcript of deposition testimony of a witness who is or was associated with or employed by the producing party, or who otherwise has or had access to information of the producing party which has been designated confidential, designation of the portion of the transcript, or exhibits thereto, deemed to contain confidential information shall be made in either of the following ways:

    (1)   by instructing the reporter during the course of the deposition to mark specific portions of the transcripts, or exhibits thereto, as confidential, and to mark the cover page of each volume of deposition transcripts with the following legend:

> **CONFIDENTIAL: Portions of the transcript of this deposition or exhibits thereto have been designated confidential pursuant to the Protective Order in No.1:07-cv-00053 (RWR), United States District Court for the District of Columbia.**

    (2)   by notifying the reporter and every party to this proceeding, within 10 days following receipt of the deposition transcript by the Producing party, of the portions of the transcript, or exhibits thereto, deemed to contain confidential information.  If this procedure is followed, the reporter shall be instructed to forward amended transcripts, marked as indicated in (1) above, to each recipient of the transcript, and each such recipient shall destroy the prior version of the transcript and exhibits.  Any costs associated with such designations shall be borne by the producing party who makes the designations.

    (b)  If any producing party so requests at or prior to the close of any deposition, the entire transcript of the deposition and any exhibits thereto shall be treated as confidential pending the expiration of the 10 day period for designating information as confidential pursuant to (a)(2) above.

    (c)   If a document which has previously been designated as confidential is made an exhibit to a deposition, the deposition shall be marked with the legend prescribed in (a)(1) above,

and the list of exhibits, if any, included by the reporter with any transcript shall indicate which, if any, exhibits have been previously designated as confidential.

      (d)      If the filing of depositions with the Court is required in particular instances, any deposition the transcript of which or the exhibits thereto contains information designated as confidential shall be filed with the Court under seal.

11.      All information designated as confidential pursuant to this Protective Order shall be stored and maintained in a manner which will prevent access to that information by unauthorized persons, and shall, in the absence of an agreement by the producing party who designated such information as confidential, or order of the Court, be disclosed only to the following persons:

      (a)      The parties and the attorneys for the parties in this action (including their paralegals and clerical and other assistants) who have a clear need in connection with this action; and outside contractors hired to copy, image, index, sort, or otherwise manage the storage and retrieval of case materials;

      (b)      Court reporters, other than official court reporters, in connection with their duties in providing recording and transcription services for depositions conducted in connection with this proceeding;

      (c)      Witnesses in the course of an interview, deposition, or testimony in the reasonable and good faith belief of counsel that examination with respect to the confidential information is necessary for legitimate discovery purposes;

      (d)      Experts and consultants retained by a party to testify or perform other services in connection with this proceeding; and

      (e)      The Court and its support personnel.

12.      (a) It is the responsibility of counsel for the parties to ensure, to the best of counsel's ability, that any person to whom confidential information of a producing party is disclosed pursuant to subparagraph 11(a) of this Protective Order is advised of the requirements and limitations imposed by this Protective Order.

      (b) Confidential information shall not be disclosed to any person described in subparagraphs 11(b), (c), or (d) unless such person has agreed to be bound by this Protective Order by subscribing to a document in the form of the Certificate attached hereto as Appendix A.

13.      If any party contends that information designated as confidential by a producing party was improperly so designated, or otherwise should not be entitled to confidential status, such party shall consult with the producing party in an effort to resolve the issue informally. If efforts at informal resolution are not successful, the party challenging the designation may, by motion, request that the Court remove the confidential designation for specific documents or classes or categories of documents.  The burden of justifying the designation of information as confidential is upon the producing party making that designation.  Pending a ruling on such motion by the Court, the information shall continue to be treated as confidential pursuant to this Protective Order.

14.     Any party may seek a modification of this Protective Order, or the Court may propose to modify the order.  A party seeking modification shall first seek to obtain the agreement of parties and producing parties.  If agreement cannot be obtained, the party or producing party seeking modification may upon motion and for good cause shown seek an order of the Court.  If the Court, on its own initiative, seeks modification, notice and opportunity to be heard shall be provided to all parties and producing parties.

15.     Notwithstanding any of the foregoing provisions, in the event of a Freedom of Information Act request or a request from any Congressional committee or subcommittee or Member of the House of Representatives or Senate, or from anyone else for disclosure of any information designated confidential under the provisions of this protective order, the Commission shall provide the producing party with 5 business days' notice prior to releasing the document in response to such a request or otherwise so that the producing party may take such actions as it deems necessary to protect its rights with respect to such information.

16.     The obligations imposed by this Protective Order remain in effect after this proceeding has concluded.  This Court retains jurisdiction over all parties for the purpose of enforcing the provisions of this Protective Order after this proceeding is otherwise terminated, and may make such rulings and enter such orders as may be necessary to compel compliance with this Protective Order and impose sanctions for violations of this Protective Order.

17.     The provisions of this Protective Order, and any designation or failure to designate particular information as confidential pursuant to this Order shall not at any time or in any other litigation, controversy or proceeding be deemed to constitute a waiver of any producing party's assertion of confidentiality with respect to any information covered or not covered by this Order.

18.     The provisions of this Protective Order restricting the use and disclosure of confidential information shall not apply to documents or other information that were, are, or become public knowledge.

                      Respectfully submitted,

                      _____/s/_____
                      Thomasenia P. Duncan
                      Acting General Counsel

                      _____/s/_____
                      David Kolker (D.C. Bar # 394558)
                      Assistant General Counsel

                      _____/s/_____
                      Vivien Clair
                      Attorney

                      /s/
Steve N. Hajjar
Attorney

                      /s/
Adav Noti (D.C. Bar # 490714)
Attorney

COUNSEL FOR DEFENDANT
FEDERAL ELECTION COMMISSION
999 E Street NW
Washington, DC 20463
(202) 694-1650


                      /s/
Robert E. Jordan III (D.C. Bar No. 15784)
John J. Duffy (D.C. Bar No. 170936)
Anthony A. Onorato (D.C. Bar No. 482074)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, DC  20036
Tel:  (202) 429-3000
Fax:  (202) 429-3902

COUNSEL FOR PLAINTIFFS

March 2, 2007


So Ordered:


_____
Richard W. Roberts
United States District Judge

March ___, 2007

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                                )
UNITY08 et al.,                                 )
                                                )
    Plaintiffs,                                )
                                                )
        v.                              )    No.1:07-cv-00053 (RWR)
                                                )
FEDERAL ELECTION COMMISSION,                    )
                                                )
    Defendant.                                  )
_____)

APPENDIX A
NON-DISCLOSURE CERTIFICATE

    I certify my understanding that access to protected materials is provided to me pursuant to the terms and restrictions of the Protective Order in the captioned proceeding and that I have been given a copy of and have read that Protective Order and agree to be bound by it, including after the termination of this proceeding. I understand that the contents of the protected materials, any notes or other memoranda or any other form of information that copies or discloses protected materials shall not be disclosed to anyone other than in accordance with that Protective Order and shall be used only for the purpose of the captioned proceeding. I acknowledge that a violation of my obligations as reflected in this certification constitutes a violation of an order of a presiding judge of the United States District Court for the District of Columbia.

Name: _____

Title: _____

Representing: _____

Date: _____