UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITY 08, et al.,                            )
                                             )
                   Plaintiffs,               )        No.  1:07cv00053(RWR)
                                             )
                   v.                        )
                                             )
FEDERAL ELECTION COMMISSION                  )
                                             )
                   Defendant.                )
                                             )

**DEFENDANT FEDERAL ELECTION COMMISSION'S
ANSWER TO PLAINTIFFS' COMPLAINT FOR
INJUNCTIVE AND DECLARATORY RELIEF**

Defendant Federal Election Commission ("FEC" or "Commission") through its

undersigned counsel responds as follows to the original complaint in this litigation.

Everything not given a specific response is DENIED.

Sentence 1 of the first paragraph under the heading "Nature of the Case"

characterizes plaintiffs' judicial complaint, a document that speaks for itself; therefore no

response is required.  Sentence 2 purports to characterize Advisory Opinion 2006-20, a

document that speaks for itself; therefore no response is required.  The Commission is

without knowledge or information sufficient to admit or deny the allegations in sentence

3 regarding plaintiffs' activities and intentions.  Sentence 4 contains plaintiffs'

conclusions of law, to which no response is required.

The second paragraph under the heading "Nature of the Case" contains plaintiffs'

prayer for relief, which does not require a response; insofar as a response is deemed

necessary, the Commission DENIES that plaintiffs are entitled to the requested relief or to any relief whatsoever.

1.      The Commission DENIES that the Court has jurisdiction.

2.      ADMIT.

3.      The Commission is without knowledge or information sufficient to admit or deny the allegations in paragraph 3.

4.      The Commission is without knowledge or information sufficient to admit or deny the allegations in paragraph 4.

5.      The Commission is without knowledge or information sufficient to admit or deny the allegations in paragraph 5.

6.      The Commission is without knowledge or information sufficient to admit or deny the allegations in paragraph 6.

7.      The Commission is without knowledge or information sufficient to admit or deny the allegations in paragraph 7.

8.      The Commission is without knowledge or information sufficient to admit or deny the allegation in paragraph 8.

9.      The Commission is without knowledge or information sufficient to admit or deny the allegations in paragraph 9.

10.     ADMIT that the Commission is the independent agency of the United States government with exclusive jurisdiction over the administration, interpretation and civil enforcement of the Federal Election Campaign Act of 1971, as amended ("the Act" or "FECA"), see generally 2 U.S.C. 437c(b)(1), 437d(a) and 437g, and that the Commission's offices are located at 999 E Street NW, Washington D.C.  The

Commission DENIES that 3 of its 6 Commissioners are Democrats; one Commissioner is a registered Independent.

11.      The Commission is without knowledge or information sufficient to admit or deny the allegations in paragraph 11, except that the Commission DENIES that the quoted goal in sentence 2 appears on Unity 08's website as one of its three specific goals. See www.Unity08.com/believe#3.

12.      The Commission is without knowledge or information sufficient to admit or deny the allegations in paragraph 12.

13.      The Commission is without knowledge or information sufficient to admit or deny the allegations in paragraph 13 regarding plaintiffs' activities and intentions.  No response is required to the remaining allegations in paragraph 13 that purport to characterize, without identifying, various state election laws, which speak for themselves.

14.      No response is required to the allegations in the first two sentences of paragraph 14 that either speculate about future events or purport to characterize, without identifying, various state election laws, which speak for themselves.  The Commission is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 14.

15.      The Commission is without knowledge or information sufficient to admit or deny the allegations in paragraph 15, except that the Commission ADMITS that Unity 08 is soliciting contributions through its website.

16.      ADMIT that plaintiff Unity 08 filed an Advisory Opinion Request ("AOR") with the Commission on May 30, 2006, a public document that speaks for itself and to which no further response is required.  The Commission is without knowledge or

information sufficient to admit or deny the remaining allegations in paragraph 15

regarding plaintiffs' beliefs, activities, and advice of counsel.  To the extent plaintiffs

allege that they have not clearly identified any federal candidates within the meaning of

the Act and Commission regulations, plaintiffs' allegations are legal conclusions to which

no response is required.

17.    ADMIT the first sentence of paragraph 17.  Sentences 2 through 6 of

paragraph 17 purport to characterize Advisory Opinion 2006-20 and the Supreme Court's

decision in <u>Buckley v. Valeo</u>, 424 U.S. 1 (1976), which speak for themselves and to

which no response is required.  The allegations in sentence 7 of paragraph 17 purport to

describe various provisions and requirements of the FECA, which speak for themselves,

and to which no response is required.

18.    The Commission DENIES that it is currently threatening prosecution of

Unity 08 or its donors, and that the Commission or the Act has infringed on plaintiffs'

rights.  Sentence 4 contains plaintiffs' conclusions of law, to which no response is

required.  The Commission is without knowledge or information sufficient to admit or

deny the remaining allegations in paragraph 15.

19.    Paragraph 19 contains plaintiffs' conclusions of law, to which no response

is required.  To the extent this paragraph contains any factual allegations, they are

DENIED.

20.    Paragraph 20 is an incorporation paragraph to which no response is

required.

21.    Sentence 1 of paragraph 21 includes a prayer for relief that does not

require a response, but insofar as a response is deemed necessary, the Commission

DENIES that plaintiffs are entitled to the requested relief or to any relief whatsoever. The remaining allegations in paragraph 21 contain plaintiffs' conclusions of law, to which no response is required.

22.    Paragraph 22 contains plaintiffs' conclusions of law, to which no response is required.

23.    The Commission is without knowledge or information sufficient to admit or deny that plaintiffs are not supporting or opposing any candidates, clearly identified or otherwise.  To the extent plaintiffs allege that they have not clearly identified any federal candidates within the meaning of the Act and Commission regulations, plaintiffs' allegations are legal conclusions to which no response is required.  Sentence 2 of paragraph 23 purports to summarize and characterize unidentified Supreme Court precedent, which speaks for itself.

24.    DENY.

25.    DENY.

26.    Paragraph 26 is an incorporation paragraph to which no response is required.

27.    Paragraph 27 purports to characterize the Supreme Court's decisions in Buckley v. Valeo, 424 U.S. 1 (1976), and McConnell v. FEC, 540 U.S. 93 (2003), which speak for themselves.  Therefore, no response is required.

28.    Paragraph 28 contains plaintiffs' conclusions of law, to which no response is required.

29.    Paragraph 28 contains plaintiffs' conclusions of law, to which no response is required.

30.    The Commission is without knowledge or information sufficient to admit or deny that plaintiffs are not supporting or opposing any candidates, clearly identified or otherwise.  To the extent plaintiffs allege that they have not clearly identified any federal candidates within the meaning of the Act and Commission regulations, plaintiffs' allegations are legal conclusions to which no response is required.  Sentence 2 of paragraph 30 is DENIED.

31.    DENY.

32.    DENY.

33.    DENY.

34.    Sentence 1 of paragraph 34 purports to summarize and characterize unidentified Supreme Court precedent, which speaks for itself; therefore no response is required.  Sentence 2 purports to describe the Act's contribution limits, which speak for themselves and to which no response is required.  The third sentence of this paragraph is DENIED.

35.    DENY.


Plaintiffs' Prayer for Relief:

a-g.  Plaintiffs' prayer for relief does not require a response, but insofar as a response is deemed necessary, the Commission DENIES that plaintiffs are entitled to the requested relief or to any relief whatsoever.

## AFFIRMATIVE DEFENSES:

1.    Plaintiffs' complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.    The Court lacks subject matter jurisdiction over the instant action.

Respectfully submitted,

_____/s/_____
Thomasenia P. Duncan
Acting General Counsel


_____/s/_____
David Kolker
Assistant General Counsel
(D.C. Bar # 394558)


_____/s/_____
Vivien Clair
Attorney


_____/s/_____
Steve N. Hajjar
Attorney


_____/s/_____
Adav Noti
Attorney
(D.C. Bar # 490714)

FEDERAL ELECTION COMMISSION
999 E Street, N.W.
Washington, D.C. 20463
March 12, 2007                                    (202) 694-1650