UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITY08 *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FEDERAL ELECTION COMMISSION, ) <br> ) <br> Defendant. ) <br>_____) | No.1:07-cv-00053 (RWR) |

## PLAINTIFFS' OPPOSITION TO THE MOTION OF THE CAMPAIGN LEGAL CENTER AND DEMOCRACY 21 TO PARTICIPATE AS *AMICI CURIAE*

Plaintiff Unity08 opposes the motion of the Campaign Legal Center and Democracy 21 to participate as *amici curiae*.

*Amicus* participation is a privilege within "the sound discretion of the courts." *Northern Securities Co. v. United States*, 191 U.S. 555, 556 (1903); *see Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) ("it is solely within the discretion of the Court to determine the fact, extent, and manner of participation by the amicus.") (citations omitted). The court in *Cobell* identified the factors that should be considered in deciding whether to accept or deny an *amicus* brief:

- "[a]n amicus brief should normally be allowed when a party is not represented competently or is not represented at all,"

- "when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case),"

- "or when the amicus has unique information or perspective that can help the court beyond the help the lawyers for the parties are able to provide."

- "Otherwise leave to file an amicus curiae brief should be denied."

246 F. Supp. 2d at 62 (*quoting Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)); *see also National Organization for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000). In its decision in *Ryan*, the Seventh Circuit stated that judges should be assiduous to bar the gates to *amicus curiae* briefs where the proposed *amici* fail to present convincing reasons why the parties' briefs do not give the court all the help it needs to decided the case. *Ryan*, 125 F.3d at 1064.

The proposed *amici* here have failed to show that they meet any of the standards set down by the District Court in *Cobell*.

The FEC, the party supported by the proposed *amici*, is more than competently represented by its own counsel who are uniquely experienced because of their positions to address the issues raised in this litigation, and the FEC has fully briefed those issues for the Court. The proposed *amici* do not argue that the FEC is inadequately represented. The proposed *amici* do not have access to any information or perspective that the FEC does not have and could not provide. The proposed *amici* have not shown that they have any unique perspective or information that will help the Court. They state only their *belief* "that [their] brief will assist the Court's understanding of the statutes, FEC regulations and case law. . . .", Motion at 3, but they provide no facts that would lead this Court to draw that conclusion.

A grant of *amicus* participation will do nothing in this case except to increase the burden on Plaintiffs – already struggling to raise money – to reply to another set of similar if not identical arguments. For these reasons we request that the Court exercise its discretion not to permit *amicus* participation in this case.

Respectfully submitted,

_____
Robert E. Jordan III (D.C. Bar No. 15784)
John J. Duffy (D.C. Bar No. 170936)
Rhonda M. Bolton (D.C. Bar No. 455005)
Anthony A. Onorato (D.C. Bar No. 482074)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, D.C. 20036
Tel: (202) 429-3000
Fax: (202) 429-3902
rjordan@steptoe.com
jduffy@steptoe.com
rbolton@steptoe.com
tonorato@steptoe.com

*Counsel for Plaintiffs*

December 20, 2007

## CERTIFICATE OF SERVICE

In accordance with L. Cv. R. 5.4(d)(2), I hereby certify that a copy of the foregoing Plaintiff's Opposition To The Motion of the Campaign Legal Center and Democracy 21 to Participate as *Amici Curiae* was served upon the following via first-class U.S. mail, postage pre-paid:

J. Gerald Hebert
Paul S. Ryan
The Campaign Legal Center
1640 Rhode Island Avenue, NW
Suite 650
Washington, DC 20036
*Counsel for Movant Campaign Legal Center*

Donald J. Simon
Sonosky, Chambers, Sachse, Endreson & Perry LLP
1425 K Street, NW
Suite 600
Washington, DC 20005
*Counsel for Movant Democracy 21*

Fred Wertheimer
Democracy 21
1875 I Street NW
Suite 500
Washington, DC 20005
*Counsel for Movant Democracy 21*

_____
Rhonda M. Bolton

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITY08 *et al.*,           )
                            )
    Plaintiffs,             )
                            )
        v.                  )      No.1:07-cv-00053 (RWR)
                            )
FEDERAL ELECTION COMMISSION,)
                            )
    Defendant.              )
_____)

## ORDER

Upon consideration of the motion by the Campaign Legal Center and Democracy 21 for leave to appear in this case as *amici curiae* and the opposition thereto filed by plaintiff Unity08, it is hereby

ORDERED that the motion of Campaign Legal Center and Democracy 21 for leave to appear in this case as *amici curiae* is DENIED.

_____
United States District Judge

Dated: _____

Copies to:

Robert E. Jordan III
John J. Duffy
Rhonda M. Bolton
Anthony A. Onorato
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, D.C. 20036
*Counsel for Plaintiff Unity08*

David B. Kolker
Steven N. Hajjar
Adav Noti
Vivian Clair
Federal Election Commission
999 E Street, NW
Washington, DC 20463
*Counsel for Defendant Federal Election Commission*

J. Gerald Hebert
Paul S. Ryan
The Campaign Legal Center
1640 Rhode Island Avenue, NW
Suite 650
Washington, DC 20036
*Counsel for Movant Campaign Legal Center*

Donald J. Simon
Sonosky, Chambers, Sachse, Endreson & Perry LLP
1425 K Street, NW
Suite 600
Washington, DC 20005
*Counsel for Movant Democracy 21*

Fred Wertheimer
Democracy 21
1875 I Street NW
Suite 500
Washington, DC 20005
*Counsel for Movant Democracy 21*