UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITY08, *et al.*,                  )
                                    )
            Plaintiffs,             )
                                    )
    v.                              )
                                    )   No. 1:07-cv-00053 (RWR)
FEDERAL ELECTION COMMISSION,        )
                                    )
            Defendant.              )
_____)

## REPLY OF CAMPAIGN LEGAL CENTER AND DEMOCRACY 21 IN SUPPORT OF MOTION TO FILE A BRIEF *AMICI CURIAE*

Plaintiff Unity08 opposes the motion of the Campaign Legal Center (CLC) and Democracy 21 to participate in this case as *amici curiae*, but recognizes that it is within the discretion of the court to allow such *amici* participation. *See* Unity08 Opp. at 1, *quoting Northern Securities Co. v. United States*, 191 U.S. 555, 556 (1903) and *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003); *see also*, *e.g.*, *Waste Mgmt. of Pa. v. City of York,* 162 F.R.D. 34, 36 (M.D. Pa. 1995) (*amicus* participation is "within the broad discretion of the district court").

Unity08 relies heavily on a passage from the *Cobell* decision that quotes Judge Posner's extended discussion of *amici* participation in *Ryan v. Commodity Futures Trading Comm'n,* 125 F.3d 1062 (7th Cir. 1997), where Judge Posner criticizes the frequency of *amici* participation in federal litigation, and sets forth an extremely narrow test for granting such motions. *See* Unity08 Opp. at 1-2.

But as the Wright & Miller treatise notes, "[t]here is little evidence, however, that Judge Posner's views are widely shared. Outside of the Seventh Circuit, judges freely permit amicus

1

briefs to be filed." 16A Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3975 (3d ed. Supp. 2005).[1]  Further, in *Neonatology Assoc., P.A. v. CIR*, 293 F.3d 128 (3rd Cir. 2002), then-Circuit Judge (now Justice) Alito authored a thorough refutation of Judge Posner's cramped view of *amicus* participation.  Justice Alito directly contested the objection made by Judge Posner, repeated here by Unity08, that *amicus* participation is appropriate only when a party is not "adequately represented." Unity08 Opp. at 1-2.  Indeed, Justice Alito believes such a restriction is "most undesirable":

> Even when a party is very well represented, an amicus may provide important assistance to the court.  "Some amicus briefs collect background or factual references that merit judicial notice.  Some friends of the court are entities with particular expertise not possessed by any party to the case . . . ."  Accordingly, denying motions for leave to file an amicus brief whenever the party supported is adequately represented would in some instances deprive the court of valuable assistance.

*Neonatology*, 293 F.3d at 132 (quoting Luther T. Munford, *When Does the Curiae Need An Amicus?,* 1 J. App. Prac. & Process 279 (1999)).

Here, as more fully described in the motion for leave to file a brief *amici curiae*, the CLC and Democracy 21 have a strong and direct interest in this case.  Both *amici* were active in the administrative proceedings that gave rise to this case.  In response to Unity08's request for an advisory opinion, the *amici* filed comments with the FEC on June 19, 2006, arguing that Unity08's campaign-related goals, and its expenditures for that purpose, demonstrate that it is a "political committee," pursuant to 2 U.S.C. § 431(4)(A).

The FEC reached the same conclusion – that Unity08 is a political committee under federal law, thus giving rise to this action.  However, the *amici* advocate an interpretation of the

---

[1] Indeed, Judge Posner appears to be conducting a lonely crusade against *amicus* participation.  The treatise notes that "[T]he last published opinion of a court of appeals or a judge of a court of appeals that denies leave to file an amicus brief in a routine case and that was not authored by Judge Posner" was in 1983.  *Id.* at n.13.

federal law definition of "political committee" that differs substantially from the legal theory employed by the FEC in reaching the same conclusion.

Both *amici* have substantial experience with the legal issues relating to the definition of "political committee" – the core issue in this case. The FEC's interpretation and application of the "political committee" standard prompted Congressman Christopher Shays (R-CT) and then-Congressman Martin Meehan (D-MA) to sue the agency in *Shays v. FEC*, 511 F. Supp. 2d 19 (D.D.C. Aug. 30, 2007), a case that challenged the FEC's failure to promulgate a regulation setting standards for when a 527 group (such as Unity08) is required to register as a federal political committee. *See also Shays v. FEC*, 424 F. Supp. 2d 100 (D.D.C. 2006).

Counsel to *amici* Democracy 21 in the present matter were part of the legal team representing Congressmen Shays and Meehan in their lawsuit against the FEC. Further, counsel to *amici* CLC in the present matter represented Senators John McCain (R-AZ) and Russell Feingold (D-WI) as *amici curiae* in *Shays v. FEC* in support of the plaintiffs.

In *Shays*, *supra*, Judge Sullivan concluded that plaintiffs Shays and Meehan were correct in their analysis of the federal law relating to "political committee" status, and that the FEC had "misinterpreted" the law. *See Shays*, 511 F. Supp. 2d at 27 ("Therefore, having misinterpreted *Buckley*, the FEC is applying the express advocacy requirement to expenditures in cases where it is unnecessary.").[2]

Although in the instant case the *amici* support the FEC's ultimate determination that Unity08 is a "political committee," the *amici* advocate a different path to that conclusion. For that reason, it is undeniable that the FEC <u>does not adequately represent</u> the interests of *amici*.

---

[2] Judge Sullivan nonetheless concluded that the FEC could enforce the "political committee" standard on a case-by-case basis rather than through promulgation of a rule. 511 F. Supp. 2d at 31.

The *amici* seek to file a brief which presents a legal argument <u>not contained</u> in the FEC's briefs – a legal argument which may be of substantial assistance to the Court in resolving this issue.

Even accepting the excessively narrow standard for *amici* participation advocated by Unity08, and despite Unity08's claims to the contrary, the interests of the CLC and Democracy 21 are not adequately represented in the present case. The *amici* have a unique perspective and experience with the central issues before the Court, and offer legal arguments "that can help the court beyond the help the lawyers for the parties are able to provide." Unity08 Opp. at 1-2, *quoting Cobell*, 246 F. Supp. 2d at 62 and *Ryan*, 125 F.3d at 1063.

For the foregoing reasons, the Campaign Legal Center and Democracy 21's Motion for Leave to Participate as *Amici Curiae* should be granted.

        Respectfully submitted,

        /s/ J. Gerald Hebert
        J. GERALD HEBERT
        (D.C. Bar No. 447676)
        PAUL S. RYAN
        (D.C. Bar No. 502514)
        THE CAMPAIGN LEGAL CENTER
        1640 Rhode Island Ave., NW
        Suite 650
        Washington, D.C. 20036
        Tel: (202) 736-2200

        Counsel for *Amici Curiae*
          Campaign Legal Center

        /s/ Donald J Simon
        Donald J. Simon
        (D.C. Bar No. 256388)
        SONOSKY, CHAMBERS, SACHSE,
        ENDRESON & PERRY, LLP
        1425 K Street, N.W.
        Suite 600
        Washington, D.C. 20005
        (202) 682-0240

          Fred Wertheimer
          (D.C. Bar No. 154211)
          DEMOCRACY 21
          1875 I Street, N.W.
          Suite 500
          Washington, D.C. 20005
          (202) 429-2008

          Counsel for *Amicus Curiae*
           Democracy 21

          Dated:  December 21, 2007

**CERTIFICATE OF SERVICE**

   I hereby certify that on December 21, 2007 a copy of the foregoing REPLY OF CAMPAIGN LEGAL CENTER AND DEMOCRACY 21 IN SUPPORT OF MOTION TO FILE A BRIEF *AMICI CURIAE* was filed electronically, with an additional paper copy served by first class mail to the counsel to Parties named below.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system.  Parties may access this filing through the court's CM/ECF System.

**Attorneys Representing Plaintiffs:**

John James Duffy, Jr.
Robert Elijah Jordan III
Rhonda M. Bolton
Anthony A. Onorato
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., N.W.
Washington, DC 20036
(202) 429-3000


**Attorneys Representing Defendants:**

David Brett Kolker
Vivian Clair
Adav Noti
Steve Nicoloas Hajjar
FEDERAL ELECTION COMMISSION
999 E Street, N.W.
Washington, D.C. 20463
(202) 694-1650

                      /s/ J. Gerald Hebert
                      J. Gerald Hebert